Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Jeffrey T. Gilbert | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 1656 | **DATE** | April 17, 2012 |
| **CASE TITLE** | Virginia Villareal, et al. vs. El Chile, Inc., et al. | | |

**DOCKET ENTRY TEXT**

Plaintiffs' Motion to Enforce the parties' Stipulation of Settlement [243] is granted in part. Plaintiffs' counsel shall prepare a draft judgment order consistent with the Court's ruling below and submit it to the Court on or before 4/23/12 at 4:00 p.m. To the extent practicable, plaintiffs' counsel shall confer with defendants' counsel about the draft judgment order before plaintiffs' counsel submits it to the Court. This matter is set for a status hearing on 4/26/12 at 10:30 a.m. To the extent defendants object to the draft judgment order submitted by plaintiffs' counsel, they shall be prepared to state those objections at the status hearing.

■[ For further details see text below.]   Notices mailed by Judicial staff.

## STATEMENT

This matter is before the Court on plaintiffs' Motion to Enforce the parties' Stipulation of Settlement [Dkt.#243]. Plaintiffs also seek an order requiring that the balance of any settlement proceeds not deposited into escrow by defendants pursuant to the Stipulation of Settlement be accelerated in full and reduced to a judgment and for an award of reasonable attorneys' fees and costs against defendants El Chile, Inc., Caleta, Inc., Caletilla, Inc., Roqueta, Inc., Timoteo Manjarrez and Maria Manjarrez, jointly and severally, for their failure to comply with the terms of the parties' Stipulation of Settlement.

The parties participated in a settlement conference with Magistrate Judge Schenkier on June 20, 2011 and reached an agreement to settle the case at that time. [Dkt.#228]. On October 20, 2011, plaintiffs submitted to the Court a Motion for Preliminary Approval of Proposed Settlement. [Dkt.#236]. The parties' Stipulation of Settlement was attached as the first exhibit to that motion. [Dkt.#236, at Ex.A]. The Motion for Preliminary Approval was noticed for hearing on October 27, 2011, but that hearing was adjourned at defendants' request until November 9, 2011. [Dkt.#238]. On November 9, 2011, the Court preliminarily approved the settlement reached between the parties. [Dkt#239]. On November 16, 2011, the Court entered an order preliminarily approving the proposed settlement and the proposed notice to the class. [Dkt.#241]. The Court, however, did not schedule a date for a final approval hearing and did not set a date for the mailing or publication of class notice in light of the potential issues that had been raised concerning defendants' funding of the settlement. *Id.*; 11/9/11 Tr. at 24-25.

Pursuant to Paragraphs 4 and 6 of the Stipulation of Settlement, defendants were required to create a settlement fund in the amount of $70,000 comprised of eleven installment payments. [Dkt.#236, Ex.A, at ¶¶4,6]. Paragraph 6(a) required defendants to deposit $10,000 in an escrow account on or before October 31, 2011. *Id.* at ¶6(a). Paragraph 6(b) required defendants to deposit $10,000 in the escrow account on or before November 30, 2011. *Id.* at ¶6(b). Defendants, however, failed to timely deposit the $10,000 payment on October 31, 2011.

# STATEMENT

[Dkt.#243, at ¶5]. Pursuant to Paragraph 6 of the Stipulation of Settlement, plaintiffs' sent to defendants' counsel a letter on November 30, 2011 demanding that defendants cure their default. [Dkt.#243, at Ex. A]. In that letter, plaintiffs offered defendants the opportunity to bring the settlement fund current to avoid an enforcement action and penalties that would accompany any enforcement. *Id.*

Defendants did not cure the default for failure to pay the October 2011 installment and also failed to deposit the November 2011 installment. *Id.* at ¶6. Paragraph 6 of the Stipulation of Settlement provides that, "[i]n the event that there is a default of the obligation by Defendants to make a funding payment to the Escrow Account, the parties agree that the unpaid funding payments shall be accelerated in full, and the full outstanding, unpaid amount of the Escrow Account shall be reduced to a judgment against all Defendants in favor of Plaintiffs and the Class." [Dkt.#236, at Ex.A].

Based on the terms of the Stipulation of Settlement, plaintiffs counsel orally moved to enforce the settlement agreement on November 29, 2011. 11/29/11 Tr. at 12-13. The Court refused to grant an oral motion to enforce (*Id.* at 13-16), and plaintiffs then filed a written Motion to Enforce [Dkt.#243], which is now before the Court. A briefing schedule was set on plaintiffs' Motion, but defendants failed to file a written response. Counsel for both parties appeared for oral argument on the Motion on February 16, 2012 at which time counsel for defendants represented that he would not be filing a response to plaintiffs' Motion on behalf of his clients. 2/16/12 Tr. at 2-4.

Defendants do not dispute that they settled this case and that the material terms of that settlement are embodied in the Stipulation of Settlement that was submitted to the Court attached to the Motion for Preliminary Approval of Proposed Settlement. Although the Stipulation of Settlement submitted to the Court was unsigned, plaintiffs' counsel represented in open court on October 27, 2011, without objection from defendants' counsel, that the parties intended to sign the Stipulation of Settlement once the Court formally entered its order preliminarily approving it. *See* 11/9/11 Tr. at 22. In fact, on November 29, 2011, defendants' counsel reiterated that defendants were not contending that the fact the Stipulation of Settlement was not signed meant that the parties had not settled the case, to wit: "The agreement isn't signed. But I, as the lawyer who negotiated the agreement, will not, I told my clients, I will not and cannot step away from it. Period. I was there. There was a settlement negotiated. There's a couple of arguments around the edges, but there was a settlement negotiated. I don't want the Court to think I'm saying anything else other than that." 11/29/11 Tr. at 16-17. *See also* 2/16/12 Tr. at 3 ("I witnessed the settlement. I've told the Court several times I witnessed the settlement. I've never denied I witnessed the settlement. My clients have told you they want to go forward with the settlement. They've told me they want to go forward with the settlement."); 11/9/11 Tr. at 4 ("They're not trying to get out of the settlement they made.); 11/29/11 Tr. at 7 ("There was a settlement reached in my presence, in my clients' presence, indeed in Mr. Werman's [plaintiffs' counsel's] presence." No one – no one is denying that, nor trying to avoid it.")

It appears from the hearings held in this matter on November 9 and 29, 2011 and February 16, 2012 that defendants' financial circumstances may have changed since the parties negotiated a settlement in this matter. *See* 11/9/11 Tr. at 2-4; 11/29/11 Tr. at 4, 9, 11; 2/16/12 Tr. at 3, 6. In particular, defendants apparently intended to fund the settlement installment payments from cash flow from their banquet hall but that operation closed in October 2011. 11/29/11 Tr. at 11. Nothing, however, has been presented to the Court to indicate that the parties did not settle the case along the lines set forth in the Stipulation of Settlement for the $70,000 settlement amount stated in that document.

Although at one point defendants' counsel said that his clients did not agree that payment of the balance

| STATEMENT |
|---|

of the settlement amount then due would be accelerated if defendants' failed to cure a default in making any one of the installment payments, plaintiffs' counsel immediately responded that the parties expressly negotiated that point and plaintiffs agreed to forego other remedies at defendants' request in exchange for an acceleration clause in the settlement agreement. 11/9/11 Tr. at 10-11. Defendants' counsel did not challenge plaintiffs' counsel thereafter on that point, did not state or argue at the subsequent hearings on November 29, 2011 or February 16, 2012 that the acceleration clause was not a part of the ultimate settlement reached by the parties as memorialized in the Stipulation of Settlement, and did not file a response to plaintiffs' Motion to Enforce and, specifically, to plaintiffs' request for a judgment in the entire settlement amount of $70,000 based upon defendants' default in payment of the installment payments due but not paid before that Motion was filed.

Accordingly, the Court grants plaintiffs' Motion to Enforce the parties' Stipulation of Settlement [Dkt.#243]. As result of defendants' default and pursuant to the terms of the Stipulation of Settlement, plaintiffs are entitled to an acceleration of the entire settlement payment in the amount of $70,000 and entry of judgment against defendants, jointly and severally, in that amount. At this time, the Court denies without prejudice plaintiffs' counsel's request for attorneys' fees and costs relating to the filing of plaintiffs' Motion to Enforce.

Plaintiffs' counsel shall prepare a draft judgment order consistent with the Court's ruling herein and submit it to the Court on or before 4/23/12 at 4:00 p.m. To the extent practicable, plaintiffs' counsel shall confer with defendants' counsel about the draft judgment order before plaintiffs' counsel submits it to the Court. This matter is set for a status hearing on 4/26/12 at 10:30 a.m. To the extent defendants object to the draft judgment order submitted by plaintiffs' counsel, they shall be prepared to state those objections at the status hearing.

It is so ordered.